JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| HENRY JAMES HOLMES, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | ED CV 21-02122-DOC-DFM |
| v. | |
| ROBERT FORMAN et al., | ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS |
| DEFENDANT(S) | |

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____     _____
Date                                                     United States Magistrate Judge

IT IS RECOMMENDED that the Request to Proceed *In Forma Pauperis* be DENIED for the following reason(s):

- ☐ Inadequate showing of indigency
- ☒ Legally and/or factually patently frivolous
- ☒ Other: See attachment.
- ☐ District Court lacks jurisdiction
- ☐ Immunity as to _____

Comments:

January 11, 2022                                        Douglas F. McCormick
Date                                                     United States Magistrate Judge

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
  - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - ☒ This case is hereby DISMISSED immediately.
  - ☐ This case is hereby REMANDED to state court.

January 26, 2022                                        David O. Carter
Date                                                     United States District Judge

CV-73 (08/16)                     ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

<u>Henry James Holmes v. Robert Forman et al.</u>
ED CV 21-02122-DOC-DFM

Plaintiff Henry James Holmes has filed a <u>pro se</u> civil rights Complaint under 42 U.S.C. § 1983. <u>See</u> Dkt. 1. The Complaint names various Riverside Police Department Officers and Riverside County Public Defenders. <u>See id.</u> at 2-3. In sum and substance, the Complaint alleges that Plaintiff's civil rights were violated in connection with his 2000 conviction for assault with intent to commit rape. <u>See id.</u> at 4. The Complaint is accompanied by an Application to Proceed In Forma Pauperis ("IFP"). <u>See</u> Dkt. 2. The file was transferred from the Northern District to the Central District of California. <u>See</u> Dkt. 4.

Under 28 U.S.C. § 1915(e)(2)(B), a district court "shall" dismiss an IFP case "at any time" if it determines that the action is (i) "frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted"; or (iii) "seeks monetary relief against a defendant who is immune from such relief." This provision "require[s] a district court to dismiss an [IFP] complaint when it determines that the complaint meets the criteria." <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008). The court "construe[s] a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012).

The Court recommends that IFP be denied and this action dismissed. First and foremost, the Complaint is time-barred. Federal courts apply the statute of limitations of the state in which the claim arises for § 1983 actions. <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007). In California, this period is two years after the cause of action accrues. <u>See</u> Cal. Civ. Proc. Code § 335.1. Plaintiff brought this action in December 2021, more than <u>twenty years</u> after his alleged unlawful arrest, coerced guilty plea, and imprisonment, all of which occurred between April and June 2000. <u>See</u> <u>Maldonado v. Harris</u>, 370 F.3d 945, 955 (9th Cir. 2004) (stating that a federal claim accrues "when the plaintiff knows or had reason to know of the injury which is the basis of the action"). No amount of tolling would render this action timely, especially given that Plaintiff's guilty plea was upheld by the California Supreme Court in 2004. <u>See</u> <u>People v. Holmes</u>, 32 Cal. 4th 432 (2004) (holding that there was a sufficient factual basis for Plaintiff's guilty plea).

Second, the action is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). <u>Heck</u> bars a plaintiff from bringing a civil rights suit for damages based on "actions whose unlawfulness would render a conviction or sentence invalid" when the conviction has not yet been reversed, expunged, or otherwise invalidated. <u>Id.</u> at 486. The relevant question is whether success in the civil rights action would "necessarily imply" or "demonstrate" the invalidity of the earlier conviction. <u>Id.</u> at 487. Here, success on Plaintiff's false arrest and false imprisonment claims would necessarily imply the invalidity of his conviction. <u>See</u> <u>Sanders v. City of Pittsburg</u>, 14 F.4th 968, 971-72 (9th Cir. 2021) (holding that claims were <u>Heck</u>-barred where favorable judgment would call into question the validity of guilty plea).

Accordingly, Plaintiff's IFP request should be denied, and this action dismissed. <u>See</u> <u>O'Neal</u>, 531 F.3d at 1153.